NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 21 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUCIA RODAS-PEDRO; YESENIA LISETH RODAS-PEDRO, | No.   20-72882 |
| Petitioners, | Agency Nos.   A202-094-882<br>A202-094-883 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2024
Pasadena, California

Before:  PAEZ, NGUYEN, and HURWITZ, Circuit Judges.

Lucia Rodas Pedro and her minor daughter, Yesenia, natives and citizens of

Guatemala, petition for review of a decision by the Board of Immigration Appeals

("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ")

denying their applications for asylum and withholding of removal, and relief under

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

§ 1252. "Where, as here, the BIA cites *Burbano* and also provides its own review of the evidence and law, we review both the IJ's and BIA's decisions." *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). We grant the petition in part and deny it in part.[1]

1. We review adverse credibility determinations for substantial evidence considering the "totality of the circumstances." *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). We review de novo questions of law. *Ali*, 637 F.3d at 1028. The BIA affirmed each of the four bases cited by the IJ in finding Rodas Pedro not credible. Two, however, were not supported by substantial evidence and another was legal error.

First, the IJ found that Rodas Pedro was not credible because her demeanor was hesitant and she lowered her voice on cross examination. This finding is "belied by the record." *Ren v. Holder*, 648 F.3d 1079, 1089 (9th Cir. 2011). The IJ noted that Rodas Pedro spoke softly throughout her testimony, not just on cross examination, and the record indicates that she hesitated when she did not understand the interpreter, who did not speak her dialect of Konjobal. *See Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) ("Credibility determinations . . . must . . . be reasonable and take into consideration the

---

[1] Because Rodas Pedro raises an ineffective assistance of counsel claim for the first time to this court, we do not address it. *See Puga v. Chertoff*, 488 F.3d 812, 815–16 (9th Cir. 2007).

individual circumstances of the applicant." (citation and quotation marks omitted)).

Second, the IJ found that Rodas Pedro's testimony that her abuser was in a gang lacked detail and was inconsistent with her declaration. Substantial evidence does not support this finding because the offending statements were plagued with translation issues. *See Ren*, 648 F.3d at 1088 n.7 ("[F]aulty or unreliable translations can undermine evidence on which an adverse credibility determination is based." (quoting *He v. Ashcroft,* 328 F.3d 593, 598 (9th Cir. 2003))).

Third, the IJ relied on Rodas Pedro's failure to explain a perceived inconsistency between a police report she submitted as documentary evidence and her testimony. But the IJ legally erred by failing to consider Rodas Pedro's "reasonable and plausible" explanation that she could not remember the circumstances of the report because she endured regular, severe abuse at the time. *See Dong v. Garland*, 50 F.4th 1291, 1297 (9th Cir. 2022); *see also Munyuh v. Garland*, 11 F.4th 750, 760 (9th Cir. 2021) ("It is reasonable and plausible that the trauma caused by multiple physical and sexual assaults would impair [an applicant's] focus at the time on peripheral matters and therefore on her memory of those matters.").

Finally, the IJ found that Rodas Pedro made inconsistent statements regarding her siblings' asylum applications. Even assuming this finding was supported by substantial evidence, remand is appropriate because three of the four

grounds relied on by the agency were infirm. *See Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021) ("Because so little remains in support of the adverse credibility finding, we grant the petition and remand to determine whether the totality of the circumstances continues to support that finding.").

2. The agency found that even if credible, Rodas Pedro failed to prove her asylum, withholding of removal, and CAT claims because her abuser was a private actor and so relief was foreclosed by *Matter of A-B-* ("*A-B-I*"), 27 I & N Dec. 316 (A.G. 2018). But *A-B-I* has since been vacated, *see Matter of A-B-* ("*A-B-III*"), 28 I. & N. Dec. 307, 307 (A.G. 2021), so *A-B-I* cannot sustain this alternative basis for denial. *See Ali*, 637 F.3d at 1029 ("We cannot affirm the BIA or IJ on a ground upon which it did not rely."); *see also Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020).

3. In sum, we grant the petition in part and remand Rodas Pedro's asylum, withholding of removal, and CAT claims for further consideration of the adverse credibility determination and reconsideration in light of *A-B-III*.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

The parties shall bear their own costs.